Opinion issued August 31, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-10-00354-CR

          01-10-00355-CR

———————————

Gregory A. Woodfork, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 177th District Court

Harris County, Texas



Trial Court Case Nos. 1244251 & 1244252

 



 

MEMORANDUM OPINION

          Appellant Gregory A.
Woodfork pleaded guilty to two offenses for burglary, based on plea bargains
and agreed recommendations on punishment. 
See Tex. Penal Code Ann. § 30.02(a)(1) (Vernon 2003).  Woodfork
both waived his right to appeal and pleaded true in each offense to prior
felony convictions for unauthorized use of a motor vehicle and possession of a
controlled substance.  The clerk’s
records do not include any “matters that were raised by written motion filed
and ruled on before trial.”  See Tex. R. App. P. 25.2(a)(2).  Following
the agreed recommendations, the trial court assessed punishment for each
burglary offense at two years in prison, both sentences to run
concurrently.  See Tex. Penal Code Ann.
§§ 12.33, 12.42(a)(2) (Vernon
Supp. 2009).

The trial court certified that both cases
are plea‑bargain cases and that Woodfork
has no right to appeal.  See
Tex. R. App. P. 25.2(a)(2).  Woodfork filed timely pro se notices of appeal.  The trial court appointed appellate counsel,
who filed Anders briefs.  See Anders v. California, 386 U.S. 738, 744, 87 S. Ct.
1396, 1400 (1967).  In the Anders briefs, Woodfork’s appointed counsel
asserts any appeals would be wholly frivolous because this Court has no
jurisdiction to hear them and there are no arguable grounds for appeal on the merits.

           We conclude that the trial court’s
certifications that Woodfork has
no right of appeal, as shown on the forms entitled “Trial Court’s Certification
of Right of Appeal,” are supported by the clerk’s records that show he entered
into agreed plea bargains with the State. 
See Tex. R. App. P. 25.2(a)(2).  Because Woodfork
has no right of appeal, we must dismiss these appeals “without further action.”  See
Chavez v. State, 183 S.W.3d 675, 680
(Tex. Crim. App. 2006).

          Accordingly,
the appeals are dismissed for lack of jurisdiction.

PER CURIAM

 

Panel consists of Justices Jennings, Alcala,
and Massengale.

Do not publish. 
Tex. R. App. P. 47.2(b).